United States District Court
Southern District of Texas
**ENTERED**
May 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GAELLE MARLLY COMPERE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03283 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Gaelle Marlly Compere's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

The parties do not dispute the following facts. Petitioner is a citizen of Haiti who entered the United States on May 3, 2023. ECF No. 6 at 2. She was placed in removal proceedings and issued a Notice to Appear. After initial entry, she was released on parole under an I-94. Her parole expired on May 1, 2024. *Id*. Respondents make no allegation that Petitioner failed to comply with all conditions while on parole. Petitioner was not detained until December 15, 2025, after Border Patrol encountered her near the U.S.-Canadian border. *Id*.

Petitioner is currently detained at the Houston Contract Detention Facility in Houston, Texas. She has been detained for four and a half months without an individualized custody

determination. Her removal proceedings are ongoing and include a pending Form I-589 Application for Asylum and Withholding of Removal and an application for Temporary Protected Status. ECF No. 1 at ¶¶ 26-27.

## II.     ANALYSIS

Petitioner argues, *inter alia*, that her detention violates her Fifth Amendment right to due process of law. The Court agrees.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court concludes that Petitioner's continued detention without an individualized justification violates her due process rights. The Court recently addressed a similar set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). There, the petitioner was a long-term resident of the United States who had entered the country without inspection and, like Petitioner here, had no current legal status. In *Salvador Rodriguez*, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). The Court also concluded that the *Mathews v. Eldridge* balancing test provided an applicable framework through which to assess the reasonability of the petitioner's detention in relation to its statutory purpose. *Id*. at *6-8. For the reasons previously articulated in that case, the Court finds that the *Mathews* framework is likewise applicable here.

Under *Mathews*, courts examine "(1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) 'the

Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" *Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

The first factor favors Petitioner. Here, Petitioner was previously allowed to enter the United States on parole in 2023. While Petitioner failed to renew her parole after it expired in May 2024, this failure does not alter the fact that Petitioner has a protected liberty interest in her freedom from detention and the life she has established in the country in the three years since her entry.

The second *Mathews* factor likewise favors Petitioner. Although Petitioner allowed her parole to expire, there is no indication that Petitioner now presents a risk of absconding or a security risk when she did not while on parole. She has multiple pending applications for legal status; her parents' applications for Temporary Protected Status were approved. Petitioner has been employed as a Certified Nurse Aide while residing in the United States. Since the purpose of detention under § 1225(b)(2) is to prevent flight, the fact that Petitioner was previously granted parole and complied with the conditions suggests a high risk that Petitioner is being erroneously deprived of her liberty.

As to the government's interest, while "Respondents, of course, have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live . . . such concerns . . . would be squarely addressed at a bond hearing." *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *4 (W.D. Tex. Mar. 5, 2026). The third factor thus weighs in favor of Petitioner.

Because the Court agrees with Petitioner that her ongoing detention violates the Due Process Clause, it declines to address her additional arguments.

### III. REMEDY

3 / 6

In *Salvador Rodriguez*, the Court concluded that "the appropriate remedy [for the violation of the petitioner's due process rights] [wa]s a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner] from fleeing or harming the community.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)).

Under the facts of this case, however, the Court is persuaded that immediate release from custody is appropriate. "[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes*, 2026 WL 689995 at *5 (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). This Court has found that immediate release is appropriate in cases where a noncitizen habeas petitioner was previously released on an Order of Release on Recognizance (ORR), in part because "release from immigration custody on an ORR necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481, at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted). While Petitioner was previously released on parole rather than an ORR, release on parole likewise implies a prior determination that Petitioner does not pose a flight risk or danger. *See also Hassen*, 2026 WL 446506, at *2 (W.D. Tex. Feb. 9, 2026) ("[T]hat Petitioner was paroled into the United States, rather than released on his own recognizance, is 'a distinction without a difference.'") (quoting *Guerra-Miranda v. Bondi*, No. EP-26-CV-00028-KC (W.D. Tex. Jan. 21, 2026)). It is true that here, Petitioner's parole had expired at the time she was taken into custody. However, her parole terminated automatically due to the passage of time, not because Petitioner became a flight risk or danger to the community when her parole expired in May 2024.

Additionally, the Court finds that immediate release is necessary in light of the length of time Petitioner has been detained. Over four and a half months of detention with no bond hearing is a grave violation of Petitioner's rights and constitutes a significant deprivation of liberty.

The Court also notes that numerous courts, in the Fifth Circuit and elsewhere, have ordered immediate release under similar circumstances. *E.g.*, *Guevara Carabantes*, 2026 WL 689995 at *10 (ordering immediate release); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (ordering immediate release and collecting cases); *J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours** under the conditions, if any, of her previous release on parole.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of his release **no less than three hours** prior to her release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release

5 / 6

without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 4, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on May 1, 2026.

Keith P. Ellison
United States District Judge